## STATE *vs.* FERGUSON *et al.*

It is well settled, that if a Court issuing process has a general jurisdiction to issue such process, and the want of jurisdiction does not appear upon the face of the paper, a Sheriff and his assistants may justify under it.

A civil action may be maintained against a Justice who acts without his jurisdiction, and also if he acts irregularly and oppressively; but he is not liable for a mere mistake, or error of judgment. To maintain a criminal action against a Justice of the Peace, it must be alleged and shown that he acted without his jurisdiction, or corruptly, and with a criminal intent, or at least maliciously and without probable cause.

A person who acts in good faith, and makes a lawful application to a Justice of the Peace for relief within his jurisdiction, cannot be held criminally responsible for any irregularities in the proceedings before the said Justice.

[*State* v. *McDonald,* 3 Dev. 468, *State* v. *Mann,* 5 Ired. 45, *Hoskins* v. *Young,* 2 Dev. & Bat. 527, *Welch* v. *Scott,* 5 Ired. 72, *State* v. *Zachary,* Bus. 432, cited and approved.]

Indictment for forcible trespass, tried before *Mitchell, J.,* at Spring Term, 1872, of the Superior Court of WILKES.

It was in evidence, that on the 26th of February, 1872, the defendants went to the house of the prosecutor and put him and his family out of possession, and against his will. The defendant Ferguson was the sheriff. Jennings was a deputy. Powers and Hampton were summoned to assist. Peden was the plaintiff in an action before the Justice of the Peace, under the landlord and tenant act. Foster was the Justice of the Peace, and was not present at the time of the eviction.

The defendants justified under process, and showed an execution issued by Foster, Justice of the Peace, and directed to the Sheriff, commanding him to put Peden into possession of the lands on which the prosecutor lived.

The State insisted that the process was void, and was no protection to the defendants, and offered in evidence a record of the proceedings, trial, verdict, orders, entries, &c., of the Jus-

tice of the Peace, and examined Foster as a witness. The following is a summary of the proceedings :

"Motion to quash, on the ground of a want of legal notice. Motion overruled. Defendant demanded a jury, which was granted, and a jury summoned. Motion to dismiss, for that Peden was not the agent of Mrs. King. Motion overruled, and adjudged that he was agent. Jury were empannelled, who say that they find in favor of the defendant. The jury dispersed; afterwards were called back, and the following was added to the verdict: By defendant giving security for the rents of the year 1871, and on his failure to give security in fifteen days, execution to issue for the possession of the premises described in the affidavit. Plaintiff asked for an appeal, which was granted. Afterwards, 24th of February, 1871, the following order was made, viz: Defendant failing to give security, plaintiff declines to appeal, and asks for judgment and possession of the premises described, which is granted. The prosecutor was not present when this order was made, and he had no notice before."

The Justice of the Peace issued the process on the 24th of February, 1871. The deputy sheriff went to prosecutor's house on that day, and informed him that he had the writ, and asked him to vacate the premises. He refused to do so, and forbade the sheriff from evicting him. On the 26th of February, the sheriff, with the other defendants, except Foster, who was not present, went to the house of the prosecutor and turned him out. The sheriff returned the process "executed." Peden was present, but gave no assistance.

Under the direction of the Court, a verdict was entered for the State, the Judge reserving the questions of law. Afterwards, upon consideration, the verdict was set aside, and a verdict of not guilty entered, and the State appealed.

*Attorney General* and *Battle & Son,* for the State.
*Armfield,* for defendants.

RODMAN, J. This is an indictment for a forcible trespass, by turning the prosecutor out of his house, against the Sheriff, his deputy, and several persons summoned by the Sheriff to his aid, and also against Peden, the plaintiff in the execution under which the Sheriff acted, and Foster, the Justice who issued the execution. Foster was not present at the eviction. Peden, it is said, was present, " but gave no assistance ;" from which we must understand that he did not take possession of the premises, from which the prosecutor was evicted.

The case of the Sheriff and his deputy and assistants stands on a different ground from that of the Justice and the plaintiff in this execution, and they must be considered separately.

1. *As to the Sheriff.* The law is well settled, that if the Court issuing the process had a general jurisdiction to issue such process, and the want of jurisdiction in the particular case did not appear on the process, the Sheriff may justify under it. *Phillips* v. *Biron,* 1 Strange, 509. *Parsons* v. *Loyd,* 2 Wm. Bla., 846. *State* v. *Weed,* 2 Head's Lead. Cr. Cas., 202 and notes. *Welch* v. *Scott,* 5 Ire., 72. *State* v. *McDonald,* 3 Dev., 468. *State* v. *Mann,* 5 Ire., 45. *Hoskins* v *Young,* 2 D. & B., 527.

2. *It is equally clear that the assistants,* summoned by the Sheriff, can justify in like manner with him. In *Grant* v. *Blogge,* 3 East., 128, it was said on the argument, that Willis, C. J., had doubted of this. But Lord Ellenborough said there was no authority to warrant a doubt.

In this case, the Justice, under the Landlord and Tenant Act, (1868–'69, Ch. 156,) had jurisdiction, under proper circumstances, to issue an execution like that pleaded. There was nothing on the face of the process to inform the Sheriff that the Justice had acted irregularly. The Sheriff was not bound to look beyond his process, and we think he was justified in obeying it.

If the action had been a civil one for the trespass, and the Sheriff had joined in pleas with parties who could not have availed themselves of his peculiar defence, the plea, being bad

as to them, would have been bad as to him also. But on an indictment, the plea of each defendant is several, and each is entitled to any defence he can set up under it. We concur with the Judge as to these defendants.

3. *As to the Magistrate.* A civil action may be maintained against a Justice who acts without his jurisdiction. *Cave* v. *Mountain*, 39 E. C. L. R., 432 (1 M. & G.), 42 Id. 825 (12 B. 889) Id. 2 Q. B. 600, 47. Id. 100 (1 C. & K. 100.) And also if he acts irregularly and oppressively, as if he issues a warrant for an assault, not *super visum*, and not complained of on oath, before him. *Welch* v. *Scott, ubi sup.* But he is not liable for a mere mistake or error of judgment. 1 East., 563, note.

To maintain a criminal action, it must be alleged and shown that he acted without his jurisdiction, or corruptly and with a criminal intent, or at least maliciously and without probable cause. *State* v. *Zachary*, Busb. 432, *Rex* v. *Barron*, 3 B. and Ald. 432, *Fentiman, ex parte*, 2 A. and E. 127. (29 E. C. L. R.)

There is no such allegation or proof in this case.

4. *As to the plaintiff Peden*, we have had more doubt, and have found no authority directly bearing on his case. Our reasoning is this: It is true he set in motion the proceeding which terminated in the illegal eviction of the prosecutor, but it is not alleged or proved that he did it maliciously, or with the intent to procure an illegal eviction. For aught that appears, he made a lawful application to the Justice for a relief within his jurisdiction. The subsequent irregularities were the act of the Justice, over which the plaintiff had no control, and for which he is not responsible, He was present at the eviction, but gave no aid. If the proceeding had been regular, as he may have supposed it was, he had a right to be present and receive possession. We think he also was not guilty.

PER CURIAM.                     Judgment affirmed.